IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SHERWIN CANNON | § | |
| v. | § | CIVIL ACTION NO. 6:13cv968 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Sherwin Cannon, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Cannon was convicted of possession of a controlled substance, receiving a sentence of 50 years in prison and a $150,000.00 fine. He complained in his federal habeas petition of an unlawful search, the denial of a continuance, failure to give him proper notice of the offense in the indictment, insufficiency of the evidence rendering it impossible for a rational jury to find him guilty beyond a reasonable doubt, denial of his rights under the Due Process Clause and the Equal Protection Clause, and ineffective assistance of counsel.

The magistrate judge obtained an answer from the Respondent and copies of the state court records. After review of the pleadings, the magistrate judge issued a report recommending that Cannon's petition for the writ of habeas corpus be denied.

In his objections, Cannon asserts that he was the victim of racial profiling in violation of state law. He states that the trooper told him "I think you have made a bad mistake" and "you are going

to get hung in this state," but offers no evidence that he was stopped because of his race rather than because he was driving in excess of the posted speed limit. This objection is without merit.

Cannon next asserts that there was no evidence tying him to the controlled substance, which was found hidden in the air cleaner box in the engine of his rental car. However, Cannon's fingerprints were found on the hood of the car, he was the sole occupant of the car and had been the only person to drive it since it had been rented. He was very nervous during the traffic stop and told the trooper he was heading from Garland to Chicago, although he was on a highway which would take him well out of the way. The Sixth Judicial District Court of Appeals, in affirming Cannon's conviction of direct appeal, observed that the jury could have reasoned that a previous renter would not have abandoned the drugs or that the rental car company would not have overlooked them had the drugs been in the car before it was rented to Cannon's girlfriend, Moore. The magistrate judge correctly determined that a rational trier of fact could have found Cannon guilty beyond a reasonable doubt and that the state court decision rejecting Cannon's claim on this point was not objectively unreasonable. Parker v. Matthews, 132 S.Ct. 2148, 2152 (2012). Cannon's objection on this point is without merit.

Third, Cannon complains that counsel was ineffective for failing to ask the State to show evidence of the radar reading or to question the trooper about racial profiling practices. He also complains that counsel failed to request DNA and fingerprint results from the State's expert witness, Chris Taylor. The trooper testified as to the radar reading and Cannon makes no showing that this reading was recorded or preserved. Counsel did question Taylor about the DNA and fingerprint results at trial. In any event, Cannon offers nothing to show that but for any or all of these alleged derelictions, the result of the proceeding would probably have been different. Del Toro v. Quarterman, 498 F.3d 486, 490 (5th Cir. 2007). His objection on this point is without merit.

Cannon argues that the trial judge was "required by the Constitution on instructing the jury on reasonable doubt," citing Sullivan v. Louisiana, 508 U.S. 275 (1993). Sullivan states that a constitutionally deficient reasonable doubt instruction is not harmless error, but requires reversal of

the conviction. In this case, the trial court instructed the jury that "the prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant." The charge also informed the jury that "it is required that the prosecutor's proof excludes all reasonable doubt concerning the defendant's guilt" and that "in the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit the defendant and say by your verdict 'not guilty.'" Cannon has not shown that this instruction was erroneous, much less constitutionally deficient.

To the extent that Cannon complains that the trial court did not define the term "reasonable doubt," his objection is likewise without merit. The U.S. Constitution neither requires nor prohibits the giving of a definition of reasonable doubt. Victor v. Nebraska, 511 U.S. 1, 5, 114 S.Ct. 1239, 1243 (1994). Texas law at the time of Cannon's trial stated that it was not necessary to provide a definition of "reasonable doubt" and that the better practice was not to do so. Paulson v. State, 28 S.W.3d 570, 573 (Tex.Crim.App. 2000).

Cannon next contends that he was denied a jury that represented a cross-section of the community and complains that the jury had only one black member. He did not address the Magistrate Judge's conclusion that this claim was procedurally defaulted because it was not raised on direct appeal and that the claim lacked merit on its face because Cannon pointed to no evidence in the record substantiating his allegations. *See* Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983) (bald assertions, unsubstantiated by the record, lack evidentiary value). This objection is without merit.

Finally, Cannon recites brief, one-sentence objections to the magistrate judge's determinations concerning the denial of a continuance and the sufficiency of the indictment. These objections lack merit as well.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1)

(district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the magistrate judge (docket no. 21) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus be and hereby is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Sherwin Cannon is hereby **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

It is SO ORDERED.

SIGNED this 18th day of May, 2015.

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE